United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 13, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-60988
Summary Calendar

HARDIAL SINGH,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review from the
Board of Immigration Appeals
(A96-146-975)

Before BARKSDALE, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Hardial Singh petitions for review of a Board of Immigration Appeals' (BIA) affirmance, without opinion, of an Immigration Judge's (IJ) denial of a motion to reopen because: (1) the BIA used an improper analysis under **Matter of Lozada**, 19 I&N Dec. 637 (BIA 1988), for an ineffective assistance of counsel claim; and (2) Singh did not authorize his counsel to withdraw his application for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

relief and did not waive his right to attend the evidentiary hearing on the merits of his claims.

The BIA's refusal to reopen proceedings is reviewed under the very deferential abuse of discretion standard. *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). This standard applies irrespective of the alien's underlying basis for relief. *Id*.

*Matter of Lozarda* provides three procedural requirements that an alien must meet for an ineffective assistance of counsel claim: (1) the alien's affidavit stating the relevant facts, including the agreement with counsel regarding the alien's representation; (2) evidence that counsel was informed of the allegations and was allowed to respond, including any response given; and (3) where the alien alleges counsel violated his legal or ethical responsibilities, evidence a complaint has been lodged with the relevant disciplinary authorities or an adequate explanation for the failure to do so. 19 I&N Dec. 637. Our court adopted these requirements because they are necessary to "to assess the substantial number of claims of ineffective assistance of counsel that come before the [BIA]". *Lara*, 216 F.3d at 496 (internal citation and quotation omitted).

Singh has complied with neither the second nor the third requirement. While Singh maintains his attorney "did not return any of [his] new counsel's messages", and he could not file a complaint with the relevant disciplinary authorities because he was

"unable to locate any family members or friend(s) who had allegedly spoken with [his] attorney", Singh has not presented any evidence that he attempted to contact these individuals.

In sum, the BIA did not abuse its discretion in refusing to reopen proceedings.

*DENIED*